## FRITCH et v AKRON (city) et

Ohio Appeals, 9th Dist, Summit Co

No 2144. Decided May 26, 1933

McCuskey & Cotton, Akron, for plaintiffs.

Gillum H. Doolittle, Dir. of Law, Akron, and Charles D. Evans, Asst. Dir. of Law, Akron, for defendants.

## OPINION

By FUNK, J.

It clearly appears from the undisputed that there is nothing in the legislation or notice served on the property owners to indicate that the city intended to construct a retaining wall. It also appears from the undisputed evidence that it was not a part of the original plan to locate any part of said wall in the street and assess the cost of it against the property owners as a part of the expense of said improvement, and thus attempt to do indirectly what it could not do directly.

Moreover, counsel have cited no statute, and we have found none, authorizing the council of a municipality to enter into an agreement with an abutting property owner for the exclusive and permanent use of a part of a public street for his private use, and thus practically add the same to his abutting property. The principle announced in the case of Ry. Co. v Elyria, 69 Oh St 414, is, we think, applicable to the situation in the instant case.

Suffice it to further say that we have carefully considered all the evidence and the statutes and authorities cited by counsel on both sides, together with other authorities, and have come to the same conclusion as did the court below. A decree may accordingly be drawn similar to that in the Common Pleas Court, and the cause

remanded to that court to carry the same into execution. Defendant may have exceptions.

WASHBURN, PJ, and STEVENS, J, concur in judgment.